UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
ROBERT BRANCIFORTE,

|  |  |
|---|---|
| Plaintiff, | Case No.: 1:24-cv-8511 |
| -against- | **COMPLAINT** **Jury Demand** |
| SIRIUS XM RADIO INC.,<br>Defendant. | |

--------------------------------------------------------X

Plaintiff ROBERT BRANCIFORTE ("Plaintiff" or "Mr. Branciforte"), by and through his attorneys, FISHER TAUBENFELD LLP, alleges against Defendant SIRIUS XM RADIO INC. ("Defendant" or the "Company") the following:

## NATURE OF THE ACTION

1.     This action arises under the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101 *et seq.*, as amended ("ADA"), the New York State Human Rights Law ("NYSHRL", "State Law") and the New York City Human Rights Law ("NYCHRL," "City Law") based on the Company's discriminatory and retaliatory termination of Plaintiff's employment because of his disability and taking leave as an accommodation for his disability.

2.     Defendant knowingly violated Plaintiff's rights under federal, State, and City laws, and such actions were committed intentionally and/or willfully, with knowledge that Plaintiff would be economically injured.

3.     Damages and other legal relief are sought pursuant to the ADA, State Law, and City Law.

**JURISDICTION AND VENUE**

4.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over Plaintiff's State and City Law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Plaintiff has satisfied all jurisdictional prerequisites under the ADA.  Prior to filing this Complaint, Plaintiff timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on April 18, 2024 and on August 2, 2024 received a Notice of Right to Sue from the EEOC, thereby giving Plaintiff the right to proceed in federal court and conferring jurisdiction upon this Court.

6.      Venue is proper in this District because Defendant conducts business in this District, and acts and/or omissions giving rise to the claims alleged herein took place in this district.

**PARTIES**
***Plaintiff***

7.      At all relevant times, Plaintiff was a resident of New York City who worked in the State and City of New York.

8.      Plaintiff was at all times an "employee" within the meaning of the ADA, protected from discrimination on the basis of disability.

9.      Plaintiff was at all times an "employee" within the meaning of State and City Law, protected from discrimination on the basis of disability.

10.      Plaintiff was an individual who had a disability (brain injury) under the ADA, State Law, and City Law.

3

*Defendant*

11.    Defendant was Plaintiff's employer.

12.    Defendant operates a radio station headquartered at 1221 Avenue of the Americas, New York., NY, 10020.

13.    At all relevant times, Defendant engaged in commerce or in an industry or activity affecting commerce and employed more than twenty (20) employees for each working day during each of the twenty (20) or more calendar workweeks in the current or preceding calendar year and accordingly is an "employer" within the definition of the ADA.

14.    At all relevant times hereto, Defendant has continuously been doing business in the State and City of New York and has continuously employed more than four (4) people, and accordingly is an "employer" within the definition of State and City Law.

## FACTUAL ALLEGATIONS
### *Background as to Plaintiff's Employment*

15.    Plaintiff is an electrical engineer with over 40 years of experience in the field.

16.    Plaintiff was employed by Defendant for 23 years, from in or about May 2000 until  in or about August 2023.

17.    Plaintiff consistently received positive feedback on his work and met all reasonable performance expectations throughout his employment with Defendant.

18.    From 2000 through 2019, Plaintiff served as a Senior Project Engineer.

19.    In 2020, Defendant promoted Plaintiff to Associate Director.

### *Plaintiff's Disability*

20.    On or about November 18, 2021, while on a business trip in Vernon NJ, Plaintiff

4

sustained a traumatic brain injury from a fall.

21.    Plaintiff received inpatient medical and rehabilitation treatment until December 29, 2021.

22.    Plaintiff applied for short-term disability leave in early December, then used banked paid time off ("PTO") and took FMLA leave, which ended on March 10, 2022.

23.    Plaintiff then went on short-term disability leave until his long-term disability leave began on May 20, 2022.

24.    While out on leave, Plaintiff consistently sent the Company's insurance provider his medical documents as requested.

### *Discrimination and Retaliation Against Plaintiff*

25.    On or about January 13, 2023, Plaintiff received a letter from Defendant stating that Plaintiff was on leave for more than 12 months and if Plaintiff could return by February 1, 2023, with or without restrictions, Defendant looked forward to his return.

26.    On or about February 8, 2023, Plaintiff provided Defendant a Healthcare Provider Certification with a request for accommodations.

27.    Plaintiff did not receive a response from Defendant.

28.    On or about March 30, 2023, Plaintiff was informed that he had been demoted from Associate Director to Senior Staff Engineer, while on disability leave.

29.    The job description for Plaintiff's new title included more travel and physical activity (including heavy lifting and climbing ladders) than his previous title.

30.    On or about June 15, 2023, Plaintiff once again provided a Healthcare Provider Certification with a request for accommodations.

5

31.    The accommodations Plaintiff sought included restrictions on driving more than 1 hour, air travel, and heavy lifting.

32.    The requested accommodations were reasonable, temporary, and intended to last two (2) months.

33.    With Plaintiff's requested accommodations, he would have been able to perform the essential functions of his role.

34.    For two weeks, following Plaintiff's request, the Company did not communicate with or engage in a dialogue with Plaintiff regarding his requested accommodations.

35.    On or about July 5, 2023, Plaintiff received an email from the Company's HR representative Dwendyl Suggsm denying Plaintiff's accommodations and informing Plaintiff that he was scheduled to be terminated.

36.    Plaintiff's employment with the Company was terminated on August 8, 2023, based on Plaintiff's disability and in retaliation for him requesting reasonable accommodations.

### FIRST CAUSE OF ACTION
**(Discriminatory Termination of Employment
Based on Disability in Violation of the ADA)**

37.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

38.    Plaintiff suffered a brain injury, constituting a disability.

39.    Defendant willfully violated the ADA when it terminated Plaintiff's employment because of his disability.

40.    As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment,

embarrassment, humiliation and harm to his reputation.

41.    As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SECOND CAUSE OF ACTION
### (Retaliatory Termination of Employment
### Based on Disability in Violation of the ADA)

42.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

43.    Plaintiff suffered a brain injury, constituting a disability.

44.    Plaintiff requested accommodations for his disability.

45.    Defendant willfully violated the ADA when it terminated Plaintiff's employment in retaliation for him requesting accommodations for his disability.

46.    As a proximate result of the Defendant's unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

47.    As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## THIRD CAUSE OF ACTION
### (Discriminatory Termination of Employment
### Based on Disability in Violation of State Law)

48.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

7

49.     Plaintiff suffered a brain injury, constituting a disability.

50.     Defendant willfully violated State Law when it terminated Plaintiff's employment because of his disability.

51.     As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

52.     As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

### FOURTH CAUSE OF ACTION
### (Retaliatory Termination of Employment
### Based on Disability in Violation of State Law)

53.     Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

54.     Plaintiff suffered a brain injury, constituting a disability.

55.     Plaintiff requested accommodations for his disability.

56.     Defendant willfully violated State Law when it terminated Plaintiff's employment in retaliation for requesting accommodations for his disability.

57.     As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

58.     As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has

suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## FIFTH CAUSE OF ACTION
**(Discriminatory Termination of Employment
Based on Disability in Violation of City Law)**

59.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

60.    Plaintiff suffered a brain injury, constituting a disability.

61.    Defendant willfully violated City Law when it terminated Plaintiff's employment because of his disability.

62.    As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

63.    As a proximate result of the Defendant's unlawful acts of discrimination, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## SIXTH CAUSE OF ACTION
**(Retaliatory Termination of Employment
Based on Disability in Violation of City Law)**

64.    Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

65.    Plaintiff suffered a brain injury, constituting a disability.

66.    Plaintiff requested reasonable accommodations for his disability.

67.    Defendant willfully violated City Law when it terminated Plaintiff's

employment in retaliation for requesting accommodations for his disability.

68.     As a proximate result of Defendant's unlawful acts of retaliation, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

69.     As a proximate result of the Defendant's unlawful acts of retaliation, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

**SEVENTH CAUSE OF ACTION**
**(Failure to Engage in the Cooperative Dialogue**
**in Violation of City Law)**

70.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

71.     By the acts and practices described above, Defendant unlawfully failed to engage in a cooperative dialogue regarding Plaintiff's request for accommodations in violation of the City Law.

72.     As a proximate result of Defendant's unlawful conduct, Plaintiff has endured emotional pain, emotional suffering, inconvenience, mental anguish, loss of enjoyment of life, loss of personal dignity, loss of self-esteem, loss of career fulfillment, embarrassment, humiliation and harm to his reputation.

73.     As a proximate result of the Defendant's unlawful conduct, Plaintiff has suffered and continues to suffer substantial losses in past and future earnings and other fringe benefits.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests that this Court enter judgment awarding:

a.  back pay, prejudgment interest, front pay, liquidated damages and damages for all employment wage and benefits Plaintiff would have received but for the unlawful acts and practices of Defendant;

b.  compensatory damages for emotional distress;

c.  reasonable attorneys' fees and costs incurred in this action; and

d.  any other relief that the Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff demands a trial by jury.

Dated: November 8, 2024

Respectfully submitted,

**FISHER TAUBENFELD LLP**

By: _____
     Liane Fisher, Esq.
     *Attorneys for Plaintiff*
     225 Broadway, Suite 1700
     New York, New York 10007
     Phone: (212) 571-0700
     Fax: (212) 505-2001

11